FILED



1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Corporation
2  Ronald W. Novotny            State Bar No. 100041     PM 3: 26
   Yona Conzevoy                State Bar No. 233055
3  12800 Center Court Drive, Suite 300      CLERK U.S. DISTRICT COURT
   Cerritos, California 90703-9364             CENTRAL DIST. CALIF.
4  Telephone: (562) 653-3200 • (714) 826-5480
   Facsimile: (562) 653-3333          BY

5

6  Attorneys for Defendant BNSF Railway Co.

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10              ED   CV  11  -  01017

11  AIMEE SCHMIDT,                CASE NO.:

12              Plaintiff,        **NOTICE OF REMOVAL**

13  vs.

14  BNSF RAILWAY COMPANY, and
    DOES 1 through 100, inclusive,
15
                Defendant.
16

17

18      TO THE CLERK OF THE COURT AND TO PLAINTIFF AIMEE

19  SCHMIDT AND HER ATTORNEY OF RECORD:

20      PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441(a) and (b),

21  Defendant BNSF Railway Co. hereby removes the above-entitled case from the

22  Superior Court of the State of California for the County of San Bernardino, Civil

23  Action No. CIVDS 1106475, to the United States District Court for the Central

24  District of California.  In support of this removal, Defendant alleges as follows:

25      1.      On or about May 20, 2011, Plaintiffs Aimee Schmidt ("Schmidt" or

26  "Plaintiff") caused to be filed a Summons and Complaint in this action in the

27  Superior Court of the State of California, in and for the County of San Bernardino,

28  in Case No. CIVDS 1106475.  A true and correct copy of the Summons and

012566.00012/1855422v

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE (562) 653-3200 • (714) 826-5480
FACSIMILE (562) 653-3333

1    Complaint is attached hereto as Exhibit A.  Defendant BNSF Railway Co. was

2    initially served with a copy of the aforementioned Complaint on June 1, 2011, and

3    filed an Answer to the Complaint on June 28, 2011. A true and correct copy of the

4    Answer is attached hereto as Exhibit B.   The aforementioned Summons,

5    Complaint, and Answer constitute all of the process, pleadings, and orders either

6    served upon or filed by Defendant in this action.

7        2.    Plaintiff's first cause of action is for alleged violation of the Equal

8    Pay Act, 29 U.S.C. §206(d).  This action is therefore a civil action over which this

9    Court has original jurisdiction under 28 U.S.C. Section 1331, and is one which

10   may be removed to this Court by Defendant pursuant to the provisions of 28

11   U.S.C. Section 1441(b) because it arises under the laws of the United States.

12       3.    This Notice of Removal is timely under 28 U.S.C. § 1446(b), in that

13   BNSF Railway Co. has filed this Notice of Removal within thirty (30) days after

14   BNSF was served with the Summons and Complaint in the state court action.

15   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 360 (1999).

16   This action has been removed to the United States District Court, Central District

17   of California, because the state court action was filed in the Superior Court of the

18   State of California for the County of San Bernardino, which is within this judicial

19   district and is the proper venue for this action upon removal pursuant to 28 U.S.C.

20   §§ 1391(b) and 1441(b).

21       4.    Defendant BNSF Railway Co. ("BNSF") is the only named Defendant

22   to this action.  At all material times herein, BNSF has been a corporation duly

23   organized and incorporated under the laws of the State of Delaware, with its

24   principal place of business in Fort Worth, Texas.  BNSF maintains its corporate

25   headquarters in Fort Worth, Texas, and that is the place its officers direct, control,

26   and coordinate the corporation's business activities. *Hertz Corp. v. Friend*, 130

27   S.Ct. 1181, 1194 (2010) (approving use of the "nerve center" approach as a

28   relatively simple means of determining a corporation's principal of business).

1 Defendant BNSF is therefore a citizen of a state other than the State of California

2 within the meaning of 28 U.S.C. § 1332(a).

3     5.     At all material times herein, Plaintiff has been an adult citizen of the

4 State of California who is also domiciled in California.

5     6.     The amount in controversy exceeds $75,000 based on the amounts of

6 damages Plaintiff seeks to recover against BNSF for lost earning and benefits,

7 emotional distress damages, and attorneys' fees. Based on Plaintiff's allegations

8 and request for damages, it is facially apparent that the Plaintiff seeks to recover

9 damages in excess of $75,000, exclusive of interest and costs. *The Kenneth*

10 *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.

11 Cal. 2002). When a defendant invokes the facially-apparent method of proof, the

12 proper procedure is to look only at the face of the complaint and ask whether the

13 amount in controversy is likely to exceed $75,000. In making that determination,

14 a district court relies on common experience and common sense in light of modern

15 litigation of the issues raised in the removal notice. *De Aguilar v. Boeing Co.*, 11

16 F.3d 55, 57 (5th Cir. 1993). When a complaint filed in state court alleges on its

17 face an amount in controversy sufficient to meet the federal jurisdictional

18 threshold, this requirement is presumptively satisfied unless it appears to a "legal

19 certainty" that the claim is for less than the jurisdictional amount. *Guglielmino v.*

20 *McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

21     7.     It is readily apparent from the face of Plaintiff's Complaint that she

22 seeks damages based on lost compensation alone for at least $75,000. In her first

23 and second causes of action for violation of Equal Pay Act and California Fair

24 Employment and Housing Act, respectively, Plaintiff alleges that she was

25 unlawfully paid $25,000 per year less than male employees for performing the

26 same job duties between August 2008 and October 2010, and $19,000 per year

27 less thereafter. (Complaint ¶¶ 12-22). These allegations amount to alleged lost

28 earnings of over $54,000 for the period of August 2008 to October 2010 and an

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200 • FAX (562) 653-3333
FACSIMILE (562) 653-3333

1     additional $22,166 through December 2011, which is the earliest time at which
2     this action is likely to be set for trial. When this claim is combined with the
3     allegations that Plaintiff lost bonus pay, pension benefits, and moving allowances
4     as a result of Defendant's alleged discrimination and retaliation, Plaintiff clearly
5     seeks to recover in excess of $75,000 in economic damages in this proceeding.
6     (*See* Complaint, ¶¶ 34(b) and (c) and 48(c), and *Guglielmino, supra,* at 701
7     (acknowledging the propriety of aggregating claims in these circumstances);
8     *Pakledinaz v. Consolidated Rail Co.*, 737 F.Supp. 47, 48 (E.D. Mich. 1990).

9          8     Plaintiff also seeks statutory attorneys' fees. "Where an underlying
10    statute authorizes an award of attorneys' fees, either with mandatory or
11    discretionary language, such fees may be included in the amount in controversy."
12    *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998). Here, as the
13    Complaint alleges, attorneys' fees are provided by statute, specifically Cal. Govt.
14    Code § 12965(b) and 29 U.S.C. § 216(b), thus requiring that Plaintiff's claims for
15    such fees be considered in determining whether the "amount in controversy"
16    requirement has been met. *Galt supra,* at 1156. Although Plaintiff's claim for
17    attorneys' fees is not presently quantifiable, it is part of damage claim that easily
18    exceeds $75,000 when combined with her allegations of economic loss and
19    emotional distress as a result of the alleged discrimination and retaliation.

20         10.    Based on the foregoing, Defendant has established by a
21    preponderance of evidence that it is more likely than not that the amount in
22    controversy exceeds the jurisdictional minimum of $75,000. *Sanchez v.*
23    *Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). The civil action
24    herein removed is therefore of a value of not less than $75,000, exclusive of
25    interests and costs, and is between citizens of different states, and may be removed
26    on the basis of jurisdiction conferred by 28 U.S.C. §§ 1331 and 1332(a) because it
27    is filed within one year of the filing of the original Complaint in this action in state
28    court pursuant to 28 U.S.C. § 1446(b).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

11.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action may be removed to this Court under the provisions of 28 U.S.C. §§ 1441(a) and (b).

WHEREFORE, the above-described action now pending in the Superior Court of the State of California, in and for the County of San Bernardino, is hereby removed therefrom to this Court.

DATED: June 30, 2011

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
Ronald W. Novotny
Attorneys for Defendant BNSF Railway Co.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

012566.00012/1855422v

-5-

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** BNSF RAILWAY COMPANY, and DOES 1
*(AVISO AL DEMANDADO):* through 100, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 20 2011

By_____
Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** AIMEE SCHMIDT
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* CIVDS 1106475 |

San Bernardino Superior Court
San Bernardino Courthouse
303 W. Third St.
San Bernardino, CA 92415-0210

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Thomas Hoegh, Esq.    818 992-2920    818 992-2910
Law Offices of Thomas Hoegh
21900 Burbank Blvd.
Woodland Hills, CA 91367

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha):* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

(SEAL)

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify): *Company*
3. [X] on behalf of (specify): BNSF RAILWAY Company

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other (specify):

4. [X] by personal delivery on (date): 6/1/11

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

THOMAS HOEGH, ESQ.  STATE BAR NO. 119866
LAW OFFICES OF THOMAS HOEGH
21900 Burbank Boulevard, Third Floor
Woodland Hills, California 91367
Telephone:     (818) 992-2920
Facsimile:     (818) 992-2910

Attorneys for Plaintiff,
AIMEE SCHMIDT

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 20 2011

By _____
                          Deputy

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO - CENTRAL DISTRICT

## UNLIMITED JURISDICTION

| | |
|---|---|
| AIMEE SCHMIDT, <br><br> Plaintiff, <br><br> vs. <br><br> BNSF RAILWAY COMPANY, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.:   CIVDS 1106475 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF THE EQUAL PAY ACT, 29 U.S.C. §206(d)** <br> 2. **DISCRIMINATION IN VIOLATION OF FEHA,** Cal. Gov. Code §12940, et seq. <br> 3. **FAILURE TO TAKE REMEDIAL ACTION IN VIOLATION OF FEHA** Cal. Gov. Code §12940(j)(k) <br> 4. **RETALIATION IN VIOLATION OF FEHA** Cal. Gov. Code 12940(h) <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, AIMEE SCHMIDT, alleges as follows:

### JURISDICTION AND VENUE

1.     The Superior Court for the State of California for the County of Los Angeles is the proper

jurisdiction and venue for this action because all of the acts giving rise to Defendants' liability

occurred in the County of San Bernardino. Plaintiff has been damaged by Defendants in an amount

exceeding $25,000.

2.     Plaintiff timely filed a charge of discrimination with the California Department of Fair

1

COMPLAINT FOR DAMAGES

1    Employment and Housing (DFEH) on April 22, 2010, alleging that the acts described herein

2    establish a violation of Government Code 12900 et seq., for discrimination for violation of equal apy

3    based on gender among other laws and statutes. Please see Exhibit 1 attached hereto. Thereafter,

4    Plaintiff received a Notice of Right to Sue from the Department of Fair Employment and Housing

5    on June 21, 2010. Please see Exhibit 2, attached hereto. Plaintiff duly notified her employer,

6    Defendants herein, that she had filed the subject claim with the DFEH and received a right to sue

7    letter. Please see Exhibit 3, attached hereto. Thereafter Plaintiff's employer, Defendants herein,

8    engaged in what Plaintiff alleges to be retaliation against Plaintiff as a result of notifying Defendants

9    of Plaintiff's DFEH claim. Thereafter Plaintiff amended her DFEH claim to include a claim of

10    retaliation on September 9. 2010. Please see Exhibit 4.

11        3.      Additionally, on December 22, 2010, Plaintiff timely amended her DFEH claim to

12    correct her claim naming BNSF Railway Company as her employer. Please see Exhibit 5.

13        4.      Plaintiff filed this action within one year of the date of the "right to sue" letter

14    received from the DFEH on April 22, 2010 and has properly and timely exhausted his administrative

15    remedies.

16        5.     Plaintiff AIMEE SCHMIDT is a citizen of the State of California and at all times

17    herein resides in the County of San Bernardino and is employed by the BNSF Railway Company and

18    Does 1 through 10, inclusive (hereinafter referred to as "BNSF Railway"), at San Bernardino, County

19    of San Bernardino, State of California.

20        6.      Defendant BNSF Railway Company, a Delaware Corporation, operates the

21    Burlington Northern Santa Fe Railway (hereinafter referred to as BNSF Railroad), and is doing

22    business in the County of San Bernardino, State of California and has a place of business at 740

23    Carnegie Drive, San Bernardino, California, 94210.

24                          **PRELIMINARY ALLEGATIONS**

25        7.      Plaintiff, AIMEE SCHMIDT ("Plaintiff"), is a female and at all times herein

26    mentioned , was and is an individual employed by the Railroad Police Department of Defendant

27    BNSF Railway as a special agent and/or senior special agent for the BNSF Railway.

28

8.    Prior to her employment with Defendant BNSF Railway as a special agent and/or a senior special agent assigned to police duties, Plaintiff obtained a four year college degree in the criminal justice.

9.    Prior to her employment with Defendant BNSF Railway as a special agent assigned to railroad police duties, Plaintiff attended a certified police academy in 2001, graduated with honors, and became certified as police officer with the State of Texas.

10.    Prior to her employment with Defendant BNSF Railway as a special agent assigned to railroad police duties, Plaintiff worked for a municipal police department for a period of approximately five years from 2001 to 2006 as a sworn police officer with all police powers including the power of arrest.

11.    Plaintiff was hired as a special agent-railroad police by Defendant BNSF Railway in April of 2007 at their Fort Worth Texas office. Plaintiff began receiving salary band 26 pay of approximately $54,000 per year; during the next 16 months Plaintiff received above average performance evaluations and her salary increased to $60,000 per year.

12.    In August of 2008 Plaintiff accepted a promotion and transfer position to a senior special agent-railroad police position at Defendant BNSF Railway facility at San Bernardino, California and was scheduled to receive salary band 28 pay of approximately $85,000 per year, plus increased benefits including pension contributions and moving allowances.

13.    In September of 2008 Plaintiff completed a POST recertification course in Whittier, California, and became POST certified in the State of California

14.    Since starting as a senior special agent-railroad police officer at Defendant BNSF Railway facility at San Bernardino, Plaintiff has never received the salary band pay of approximately $85,000 per year, and instead continued to receive $60,000 per year.

15.    In October of 2010 Plaintiff became aware that Defendant BNSF Railway was hiring male senior special agents for the San Bernardino area, with significantly less training and experience than Plaintiff at the salary band 28 level pay of $85,000 per year.

16.    Plaintiff went to her supervisors and complained that she was receiving considerably

3

COMPLAINT FOR DAMAGES

1  less pay than the salary band 18 level pay that was being received by her male counterparts. Shortly
2  thereafter, plaintiff received a salary increase to $66,000 per year, but still substantially less than the
3  $85,000 she should be receiving based on her education, training and experience, and still much less
4  that what her male counterparts are receiving with less education, training and experience than
5  plaintiff.

6      17.    Plaintiff notified Defendant BNSF Railway of the charge she filed with the DFEH
7  on July 21, 2010 alleging discrimination based on gender or failure to pay equal pay as her male
8  counterparts were receiving.

9      18.    On August 20, 2010, Plaintiff received her mid-year evaluation from her immediate
10 supervisor, she was commended for her work productivity and positive attitude in the workplace.

11     19.    Immediately following the meeting with her supervisor on her mid-year evaluation,
12 Plaintiff was taken to the Chief of Police office and again commended for her work productivity and
13 work ethic, and then advised that something negative and come up regarding an off duty incident that
14 had occurred in 2009, that had already been dealt with and resolved, and that Plaintiff was going to
15 receive a needs improvement overall evaluation.

16     20.    BNSF Railway uses the work evaluations to determine the year end monetary bonus,
17 and as a result of the needs improvement evaluation based on something that occurred off duty
18 during a previous year and had already been resolved, Plaintiff lost a significant portion of here year
19 end bonus.

20                                   FIRST CAUSE OF ACTION

21                 VIOLATION OF EQUAL PAY ACT

22                      (29 U.S.C. §206(d))

23           (Against Defendant BNSF Railway Company)

24     21.    The allegations of all paragraphs in this Complaint are alleged and incorporated
25 herein by reference.

26     22.    It is unlawful pursuant to the Equal Pay Act. 29 U.S.C. §206(d), to pay females less
27 than males for performing the same job duties.

28                                       4

                             COMPLAINT FOR DAMAGES

1       23.     Plaintiff was hired by Defendant BNSF Railway in April of 2007 as a special agent-

2  railroad police and began receiving band 26 pay of $60,000. In August of 2008 Plaintiff was offered

3  and accepted a promotion and transfer to San Bernardino California by Defendant BNSF Railway

4  to work as a senior special agent-railroad police and was to receive band 28 pay. Thereafter,

5  Defendant BNSF Railway Company advised Plaintiff that they did not have the budget to pay her

6  band 28 pay, and they would increase her to band 28 pay as soon as possible.

7       24.     In October of 2009, Plaintiff learned that her male counterparts in San Bernardino

8  working as senior special agents-railroad police for Defendant BNSF Railway with less education,

9  training and experience than Plaintiff were making band 28 pay which was substantially more than

10  Plaintiff was making for equal work.

11       25.     In November of 2009, Plaintiff learned that Defendant BNSF Railway was

12  posting/advertising for employees to work for Defendant BNSF Railway as senior special agents-

13  railroad police at salary level 28; Plaintiff noted that only men were hired as a result of this

14  posting/advertisement.

15       26.     The actions alleged above caused Plaintiff to suffer adverse employment actions,

16  including but not limited to:

17               (a)     failing to pay Plaintiff equal work for equal pay because Plaintiff is female;

18               (b)     paying Plaintiff salary band 26 pay instead of salary band 28 pay for her

19                      position as senior special agent-railroad police because plaintiff is female;

20               ( c)     failing to pay Plaintiff salary band 28 moving allowance because Plaintiff is

21                      female;

22               (d)     failing to make Plaintiff's salary band 28 pension benefits because Plaintiff

23                      is female;

24       27.     As a direct, foreseeable and proximate result of Defendants' discriminatory acts,

25  Plaintiff has suffered and continues to substantial losses in earning and job benefits in an amount to

26  be proven at trial.

27       28.     In addition to monetary damages, Plaintiff seeks injunctive relief as permitted by law

28

5

COMPLAINT FOR DAMAGES

1  to enjoin Defendants for deny Plaintiff fair pay and to compel Defendants to provide Plaintiff equal
2  pay as required by law.

3  28.     Plaintiff also seeks attorney's fees and costs of action as provided by law.

4                          **SECOND CAUSE OF ACTION**

5                  DISCRIMINATION IN VIOLATION OF FEHA

6                      (GOVT. CODE SECTION 12940(a))

7                  (Against Defendant BNSF Railway Company)

8          29.     The allegations of all paragraphs in this Complaint are alleged and incorporated
9  herein by reference.

10         30.     Under the California Fair Employment and Housing Act, California Government
11 Code section 12940 et seq., it is an unlawful employment practice for an employer because of gender
12 to discriminate against a person in compensation or in terms, conditions or privileges of
13 employment.

14         31.     Plaintiff was hired by Defendant BNSF Railway in April of 2007 as a special agent-
15 railroad police and began receiving band 26 pay of $60,000. In August of 2008 Plaintiff was offered
16 and accepted a promotion and transfer to San Bernardino California by Defendant BNSF Railway
17 Company to work as a senior special agent-railroad police and was to receive band 28 pay.
18 Thereafter, Defendant BNSF Railway Company advised Plaintiff that they did not have the budget
19 to pay her band 28 pay, and they would increase her to band 28 pay as soon as possible.

20         32.     In October of 2009, Plaintiff learned that her male counterparts in San
21 Bernardino working as senior special agents-railroad police for Defendant BNSF Railway with less
22 education, training and experience than Plaintiff were making band 28 pay which was substantially
23 more than Plaintiff was making for equal work.

24         33.     In November of 2009, Plaintiff learned that Defendant BNSF Railway was
25 posting/advertising for employees to work for Defendant BNSF Railway as senior special agents-
26 railroad police at salary level 28; Plaintiff noted that only men were hired as a result of this
27 posting/advertisement.

28                                          6

1      34.    The actions alleged above caused Plaintiff to suffer adverse employment actions,
2    including but not limited to:

3              (a)    failing to pay Plaintiff equal work for equal pay because Plaintiff;

4              (b)    paying Plaintiff salary band 26 pay instead of salary band 28 pay because
5                     plaintiff is female;

6              ( c)   failing to pay Plaintiff salary band 28 moving allowance because Plaintiff is
7                     female;

8              (d)    failing to make Plaintiff's salary band 28 pension benefits because Plaintiff
9                     is female

10             (e)    Avoiding and shunning Plaintiff in the workplace as a result of Plaintiff
11                    requesting equal pay for equal work.

12     35.    Defendant BNSF Railway its agents and supervisors knew or should have known of
13   these discriminatory actions because the acts were reported to Defendant BNSF Railway and were
14   being perpetuated by management/ supervisory level employees. Nonetheless, Defendant BNSF
15   Railway failed to take immediate and appropriate corrective action to stop the discrimination. To
16   the contrary, Defendant BNSF Railway has a pattern and practice of such conduct and maintains a
17   work environment over-run with discrimination against females.

18     36.    Defendant BNSF Railway further owed a duty to Plaintiff as an employer to screen
19   and hire capable and qualified individuals to serve as supervisors and other management level
20   employees in its offices. They further owed a duty to persons situated as Plaintiff to properly oversee
21   and direct these supervisors and to conduct appropriate, independent and thorough investigations of
22   all allegations of wrongdoing, and in order to maintain a discrimination-free work environment.

23     37.    Defendant BNSF Railway maintains a pattern and practice of discrimination against
24   females working as special agents-railroad police. Unless and until enjoined and restrained by the
25   order of this court, said wrongful conduct will cause irreparable injury to Plaintiff, causing harm to
26   her mental and emotional health and preventing her from obtaining comparable employment at equal
27   pay for equal work. Plaintiff has no adequate remedy at law for these injuries currently being

28

7

COMPLAINT FOR DAMAGES

suffered, and all of which will threaten her in the future.

      38.    As a direct, foreseeable and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer physical injuries, substantial losses in earning and job benefits, and continues to suffer pain and suffering, humiliation, embarrassment, mental and emotional distress, and discomfort. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

      39.    Plaintiff also seeks attorney's fees and costs of action as provided by law.

### THIRD CAUSE OF ACTION

### FAILURE TO TAKE NECESSARY REMEDIAL ACTION

### IN VIOLATION OF FEHA

#### (GOV'T. CODE SECTION 12940(j)(k))

(Against Defendant BNSF Railway Company.)

      40.    The allegations of all paragraphs in this Complaint are alleged and incorporated herein by reference.

      41.    In violation of Cal. Gov. Code Sections 12940(j) and (k), Defendant BNSF Railway failed to take all reasonable and effective steps necessary to end the harassment, discrimination and retaliation and to deter future unlawful conduct from occurring. Defendant BNSF Railway further failed to effectively investigate and remediate the complaints of discrimination, harassment and retaliation. No immediate and appropriate corrective action was taken to stop the unlawful conduct, and no meaningful or adequate disciplinary action has been taken against any of the individual Defendants.

      42.    Although Plaintiff complained about the discrimination and and thorough investigation and appropriate corrective action, no immediate and effective action was taken and consequently the unlawful conduct continued.

      43.    As a direct, foreseeable and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer physical injuries, substantial losses in earning and job benefits, and has suffered and continues to suffer pain and suffering, humiliation, embarrassment,

8

COMPLAINT FOR DAMAGES

1  mental and emotional distress and discomfort. Plaintiff is thereby entitled to general and
2  compensatory damages in amounts to be proven at trial.

3       44.    Plaintiff also seeks attorney's fees and costs of action as provided by law.

4                          **FOURTH CAUSE OF ACTION**

5                    RETALIATION IN VIOLATION OF FEHA

6                 **GOVERNMENT CODE SECTION 12940(h))**

7                    (Against Defendant BNSF Railway Company)

8       45.    The allegations of all paragraphs in this Complaint are alleged and incorporated herein
9  by reference.

10      46.    Government Code §12940(h), makes it unlawful for "any person" to retaliate against
11 an employee who has opposed a discriminatory practice, or filed a complaint of discrimination or
12 harassment.

13      47.    During her employment at Defendant BNSF Railway, Plaintiff engaged in protected
14 activity by opposing and reporting unlawful discrimination and harassment engaged in by Defendants,
15 and each of them, against Plaintiff.

16      48.    As a result of said opposition, Plaintiff suffered adverse employment actions by
17 Defendants, and each of them, including, but is not limited to:

18            (a)    Treating Plaintiff differently in terms, conditions and privileges of
19 her employment;

20            (b)    Giving Plaintiff a needs improvement employment evaluation
21 when her job productivity and attitude were exceeding expectations.

22            ( c)   Using Plaintiff's needs improvement employment evaluation to
23 reduce Plaintiff's year end bonus;

24            (d)    Failing to apply BNSF Railway's policies and procedures equally to Plaintiff.

25      49.    There is a casual link between Plaintiff's protected activity and the adverse
26 employment action in that the retaliation commenced and/or intensified shortly after each act of
27 opposition.

28
                                        9

                          COMPLAINT FOR DAMAGES

1       50.    Defendants' conduct as alleged in this Complaint constitutes an unlawful
2 employment practice in violation of Government Code §§12940 et seq.

3       51.    Defendants, through its agents and supervisors, have engaged in a pattern
4 and practice of unlawful employment practice in violation of Government Code §§12940 et seq.

5       52.    Defendants violated Government Code §§12940 et seq. by failing to adequately
6 supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of
7 Defendants as described herein. Defendants failed to comply with its statutory duty to take all
8 reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from
9 occurring in the future.

10       53.    Further, other similarly situated employees as Plaintiff, who did not
11 engage in protected activity by opposing discrimination and participating in an action under FEHA
12 were not treated in the manner in which Plaintiff was treated.

13       54.    At all times mentioned in this complaint, Defendant BNSF Railway regularly
14 employed five (five) or more persons, bringing it within the provisions of §§12900 et seq. of the
15 Government Code prohibiting employers or their agents from retaliating against employees who
16 engage in protected activities.

17       55.    Plaintiff timely filed a charge of retaliation with the Department of Fair Employment
18 and Housing (FEHA) against Defendants and has received a Notice of Right to Sue from the DFEH.
19 Plaintiff filed this action within one year of the date of the "right to sue" letter received from the
20 DFEH and has properly and timely exhausted her administrative remedies.

21       56.    As a direct, foreseeable, and proximate result of Defendants' discriminatory acts,
22 Plaintiff has suffered and continues to suffer substantial losses in earning and job benefits, and has
23 suffered and continues to suffer pain and suffering, humiliation, embarrassment, mental and
24 emotional distress and discomfort. Plaintiff is thereby entitled to general and compensatory damages
25 in amounts to be proven at trial.

26       57.    Plaintiff also seeks attorney's fees and costs of action as provided by law.

27       WHEREFORE, Plaintiff prays for judgment against all Defendants according to proof as

28                                  10

COMPLAINT FOR DAMAGES

1  follows:

2      1.    General damages;

3      2.    Special damages;

4      3.    Interest on compensatory damages at the legal rate from the date of

5  injury or pursuant to CCP Section 3291;

6      4.    Other compensatory damages for emotional distress, pain an

7  suffering from physical injuries and other economic losses;

8      5.    Attorney's fees;

9      6.    A preliminary and permanent injunction against the Defendants

10  complained of, for any pay raise denied;

11      7.    A permanent injunction-enjoining Defendants, their agents, successors

12  and employees and those acting in concert with them from engaging in each of the unlawful practices,

13  policies, and customs set forth herein;

14      8.    Costs and expenses of suit incurred herein;

15      9.    Other just and proper relief.

16

17  PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

18

19  DATED: May 16, 2011             LAW OFFICES OF THOMAS HOEGH

20

21                            By:

22                                THOMAS HOEGH

                              Attorneys for Plaintiff,

23                                AIMEE SCHMIDT

24

25

26

27

28                            11

COMPLAINT FOR DAMAGES

# EXHIBIT
# 1

**EMPLOYMENT**   COPY

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # _____

DFEH USE ONLY

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| Ms. Aimee Schmidt | 1-817-613-7228 |

ADDRESS
P.O. Box 1158

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Cedar Glen, CA 92321 | San Bernardino | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Burlington Northern Santa Fe Corporation | 1-800-795-2673 |

ADDRESS
740 Carnegie Drive
DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Bernardino, CA 94210 | San Bernardino | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|---|
| over 1000 | TOOK PLACE (month, day, and year) 11/09 and continuing | |

THE PARTICULARS ARE:

On 11/09 continuing I was ____ fired

| | |
|---|---|
| ____ laid off | ____ denied employment |
| ____ demoted | ____ denied promotion |
| ____ harassed | ____ denied transfer |
| ____ genetic characteristics testing | ____ denied accommodation |
| ____ forced to quit | ____ impermissible non-job-related inquiry |
| | ____ other (specify) |

____ denied family or medical leave
____ denied pregnancy leave
_X_ denied equal pay
____ denied right to wear pants
____ denied pregnancy accommodation

by my supervisors, BNSF railroad
Name of Person — Job Title (supervisor/manager/personnel director/etc.)

because of my: _X_ sex
____ age
____ religion
____ race/color

____ national origin/ancestry
____ marital status
____ sexual orientation
____ association

____ physical disability
____ mental disability
____ other (specify) _____

____ cancer
____ genetic characteristic

(Circle one) filing:
protesting; participating in investigation (retaliation for)

the reason given by my supervisor
Name of Person and Job Title

Was because of was they had a budget problem

[please state what you believe to be reason(s)] I am female. I was not receiving the same pay as my male counterparts for the same work.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated April 20, 2010

COMPLAINANT'S SIGNATURE
Thomas Hoegh, attorney for APR 2 2010

At Woodland Hills
City

DATE FILED:

RECEIVED
Department of Fair Employment and Housing
Legal Solutions & Plus
STATE OF CALIFORNIA
LS-DFEH1

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

EXHIBIT 1
PAGE

# RIGHT-TO ISUE COMPLAINT INFORM TION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

YOUR RACE/ETHNICITY (Check one)
- ___ African-American
- ___ African - Other
- ___ Asian/Pacific Islander (specify) _____
- _x_ Caucasian (Non-Hispanic)
- ___ Native American
- ___ Hispanic (specify) _____

YOUR PRIMARY LANGUAGE (specify)

English

YOUR AGE: ___ ___

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY,
YOUR NATIONAL ORIGIN/ANCESTRY (specify)

_____

IF FILING BECAUSE OF DISABILITY,
YOUR DISABILITY:
- ___ AIDS
- ___ Blood/Circulation
- ___ Brain/Nerves/Muscles
- ___ Digestive/Urinary/Reproduction
- ___ Hearing
- ___ Heart
- ___ Limbs (Arms/Legs)
- ___ Mental
- ___ Sight
- ___ Speech/Respiratory
- ___ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS,
YOUR MARITAL STATUS: (Check one)
- ___ Cohabitation
- ___ Divorced
- ___ Married
- ___ Single

IF FILING BECAUSE OF RELIGION,
YOUR RELIGION: (specify)

_____

IF FILING BECAUSE OF SEX, THE REASON:
- ___ Harassment
- ___ Orientation
- ___ Pregnancy
- ___ Denied Right to Wear Pants
- _x_ Other Allegations (List) equal pay _____

DFEH-300-03-1 (01/05)
Department of Fair Employment and Housing
State of California

YOUR GENDER:  _x_ Female    ___ Male

YOUR OCCUPATION:
- ___ Clerical
- ___ Craft
- ___ Equipment Operator
- ___ Laborer
- ___ Manager
- ___ Paraprofessional
- _x_ Professional
- ___ Sales
- ___ Service
- ___ Supervisor
- ___ Technician

HOW YOU HEARD ABOUT DFEH:
- _x_ Attorney
- ___ Bus/BART Advertisement
- ___ Community Organization
- ___ EEOC
- ___ EDD
- ___ Friend
- ___ Human Relations Commission
- ___ Labor Standards Enforcement
- ___ Local Government Agency
- ___ Poster
- ___ Prior Contact with DFEH
- ___ Radio
- ___ Telephone Book
- ___ TV
- ___ DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS AGREED
TO REPRESENT YOU ON YOUR EMPLOYMENT
DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK
"YES", YOU WILL BE RESPONSIBLE FOR HAVING
YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

_x_ Yes    ___ No

PLEASE PROVIDE YOUR ATTORNEY'S NAME,
ADDRESS AND PHONE NUMBER:

Thomas Hoegh, 21900 Burbank Blvd. 3F
Woodland Hills, CA 91367

_____    4/20/10
Your Signature                    Date
Thomas Hoegh for Aimee Schmidt
                          Legal
                          Solutions
                          Plus          LS-DFEH3

EXHIBIT 1
P/I L ___

COPY
RECEIVED
APR 2 2 2010
Department of Fair Employment
and Housing

# EXHIBIT

# 2

STATE OF CALIFORNIA | State & Consumer Services Agency

ARNOLD SCHWARZENEGGER, Governor

PHYLLIS W. CHENG, Director

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING.
1055 West 7th Street | Suite 1400 | Los Angeles | CA 90017
(213) 439-6799 | TTY (800) 700-2320 | Fax (213) 439-6796
www.dfeh.ca.gov

June 21, 2010

AIMEE SCHMIDT
P.O.Box 1158
Cedar Glen, CA 92321

RE:    E200910S1146-00-sc
       SCHMIDT/BURLINGTON NORTHERN SANTA FE CORPORATION

Dear AIMEE SCHMIDT:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
April 22, 2010 because an immediate right-to-sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

EXHIBIT 2

# EXHIBIT

# 3

LAW OFFICES OF
# THOMAS HOEGH
A PROFESSIONAL CORPORATION



TELEPHONE (818) 992-2920
FACSIMILE (818) 992-2910

21900 BURBANK BOULEVARD
THIRD FLOOR
WOODLAND HILLS, CA 91367

SAN PEDRO OFFICES
211 W. 22ND ST., BERTH 34
SAN PEDRO, CA 90731

DAMARIS N. SHREVE
PARALEGAL

July 21, 2010

*Certified - Return Receipt Requested*

Burlington Northern Santa Fe Corporation
740 Carnegie Drive
San Bernardino, CA 94210

> Re: FEHA Claim against Burlington Northern Santa Fe Corporation
> Claimant Aimee Schmidt

Dear Gentle person(s):

Please find enclosed the Complaint for Discrimination under the provisions of the California Fair Employment and Housing Act filed by your employee, Aimee Schmidt. At this time Ms. Schmidt has received a Right to Sue Letter and Notice of Case Closure which I am enclosing along with the Complaint.

Very truly yours,

LAW OFFICES OF THOMAS HOEGH

THOMAS HOEGH

TH:mm
Enclosures

EXHIBIT 3
PAG. 1

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Lottie Woodruff
District Administrator

cc:  Case File

Supervisor
BURLINGTON NORTHERN SANTA FE CORPORATION
740 Carnegie Dr.
San Bernardino, CA  94210

EXHIBIT 3
Pat. 2.

DFEH-200-43 (05/08)



PS Form **3811V**, March 2005  (PSN: 7530-07-000-0300)

EXHIBITS
PAGE 3

# EXHIBIT
# 4

# LAW OFFICES OF
# THOMAS HOEGH
A PROFESSIONAL CORPORATION

TELEPHONE (818) 992-2920
FACSIMILE (818) 992-2910

21900 BURBANK BOULEVARD
THIRD FLOOR
WOODLAND HILLS, CA 91367

SAN PEDRO OFFICES
211 W. 22ᴺᴰ ST., BERTH 34
SAN PEDRO, CA 90731

DAMARIS M. SHREVE
PARALEGAL

September 9, 2010

Department of Fair Employment and Housing
1055 W. 7ᵗʰ Street, Ste. 1400
Los Angeles, CA 90017

## CLAIM AMENDMENT

RE:   FEHA Claim No. E200910S1146-00-sc
      Claimant Aimee Schmidt

Dear Gentlepersons:

This letter serves to amend the FEHA claim of Aimee Schmidt previously filed on April 22, 2010 for which a right to sue letter issued on June 21, 2010 bearing the above-referenced Claim No.

The Claimant's employer, Burlington Northern Santa Fe Corporation was duly notified of the Claim for denial of equal pay based on gender as required by the Government Code and Regulations by my office on July 21, 2010.

Since the notification, the employer has engaged in retaliatory conduct consisting of giving the claimant an unjustified negative job performance rating, with a needs improvement notation, the negative issue raised in the subject job performance evaluation has no bearing on her work performance or her attitude toward her job, and was raised as part of the job performance evaluation in retaliation for the claimant having filed an equal pay claim. The negative performance evaluation puts the claimant on notice that adverse employment actions will be taken and also negatively affects her year end bonus that all employees of the railroad receive.

Very truly yours,

Thomas Hoegh

TLH/mm

EXHIBIT 4
PART 1

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA COD |
|---|---|
| Ms. Aimee Schmidt | 1-817-613-7228 |

ADDRESS
P.O.Box 1158

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Cedar Glen, CA 92321 | San Bernardino | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Cod |
|---|---|
| Burlington Northern Santa Fe Corporation | 1-800-795-2673 |

ADDRESS                                                                  DFEH USE ONLY
740 Carnegie Drive

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Bernardino, CA 94210 | San Bernardino | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year). | RESPONDENT CODE |
|---|---|---|
| over 1000 | 11/09 and continuing | |

THE PARTICULARS ARE:

On 11/09 continuing I was
____ fired
____ laid off
____ demoted
____ harassed
____ genetic characteristics testing
____ forced to quit

____ denied employment
____ denied promotion
____ denied transfer
____ denied accommodation
____ impermissible non-job-related inquiry
____ other (specify) _____

____ denied family or medical leave
____ denied pregnancy leave
_X_ denied equal pay
____ denied right to wear pants
____ denied pregnancy accommodation

by my supervisors, BNSF railroad
___Name of Person___                ___Job Title (supervisor/manager/personnel director/etc.)___

because of my:  _X_ sex       ____ national origin/ancestry     ____ physical disability   ____ cancer
____ age        ____ marital status          ____ mental disability     ____ genetic characteristic
____ religion    ____ sexual orientation
____ race/color  ____ association          ____ other (specify) _____

(Circle one) filing;
protesting; participating in
investigation (retaliation for)

the reason given by my supervisor
___Name of Person and Job Title___

Was because of  was they had a budget problem
[please state
what you believe  I am female. I was not receiving the same pay as my male counterparts
to be reason(s)]  for the same work.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated April 20, 2010

At Woodland Hills
___City___

COMPLAINANT'S SIGNATURE
Thomas Hoegh, attorney for A. Schmidt

RECEIVED

DATE FILED:

EXHIBIT 4
PAGE 2

SEP 1 - 2010

Legal
Solutions          STATE OF CALIFORNIA
Department of Fair Employment and Housing-DFEH

# EXHIBIT
# 5

LAW OFFICES OF
# THOMAS HOEGH
A PROFESSIONAL CORPORATION

TELEPHONE (818) 992-2930
FACSIMILE  (818) 992-8910

21900 BURBANK BOULEVARD
THIRD FLOOR
WOODLAND HILLS, CA 91367

SAN PEDRO OFFICES
211 W. 22ND ST., BERTH 34
SAN PEDRO, CA 90731

DAMARIS M. SHREVE
PARALEGAL

December 22, 2010

Department of Fair Employment and Housing
1055 W. 7th Street, Ste. 1400
Los Angeles, CA 90017

## THIRD AMENDMENT TO CLAIM

RE:  FEHA Claim No. E200910S1146-00-sc
Claimant Aimee Schmidt

Dear Gentlepersons:

This letter serves to amend the FEHA claim of Aimee Schmidt previously filed on April 22, 2010 for which a right to sue letter issued on June 21, 2010 bearing the above-referenced Claim Number.

Claimant erroneously identified the legal name of her employer as Burlington Northern Santa Fe Corporation, her employer's legal name is in fact Burlington Northern Santa Fe Company, which is a subsidiary of Burlington Northern Santa Fe Corporation.

Very truly yours,

Thomas Hoegh

TLH/ylm

EXHIBIT 5
PAGE 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Aimee Schmidt

Case No. _____

vs.

**CERTIFICATE OF ASSIGNMENT**

BNSF Railway Company

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the  San Bernardino Court
District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General     [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20 | Other  Employment | The cause of action arose within the district |

[ ] 21  THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT.

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

| Defendant BNSF Railway Company | | 740 Carnegie Drive |
|---|---|---|
| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | | ADDRESS |
| San Bernardino | CA | 94210 |
| (CITY) | (STATE) | (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

May 19, 2011 _____ at  Woodland Hills _____, California

Signature of Attorney/Party

: 15503-360 Rev. 10/94                                                                                      SB-16503

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Thomas Hoegh, Esq,<br>Law Offices of Thomas Hoegh<br>21900 Burbank Blvd.<br>Third Fl.<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 818 992-2920    FAX NO.: 818 992-2910<br>ATTORNEY FOR (Name): Aimee Schmidt | **F I L E D**<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>MAY 20 2011<br><br>By [signature]<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN BERNARDINO**
STREET ADDRESS: 303 W. Third St.
MAILING ADDRESS: 303 W. Third St.
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino Courthouse

CASE NAME: Aimee Schmidt v. BNSF Railway Company

| CIVIL CASE COVER SHEET<br>[x] Unlimited   [ ] Limited<br>(Amount<br>demanded<br>exceeds $25,000) | (Amount<br>demanded is<br>$25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CIVDS 1106475 |
|---|---|---|---|
| | | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* four

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 16, 2011

Thomas Hoegh, Esq.
(TYPE OR PRINT NAME)                    ► [signature]
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Aimee Schmidt

Case No. CIVDS 1106475

vs.

**CERTIFICATE OF ASSIGNMENT**

BNSF Railway Company

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino Court District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General    ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ 1 | Adoption | Petitioner resides within the district. |
| ☐ 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☐ 3 | Contract | Performance in the district is expressly provided for. |
| ☐ 4 | Equity | The cause of action arose within the district. |
| ☐ 5 | Eminent Domain | The property is located within the district. |
| ☐ 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 9 | Mandate | The defendant functions wholly within the district. |
| ☐ 10 | Name Change | The petitioner resides within the district. |
| ☐ 11 | Personal Injury | The injury occurred within the district. |
| ☐ 12 | Personal Property | The property is located within the district. |
| ☐ 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ 15 | Review | The defendant functions wholly within the district. |
| ☐ 16 | Title to Real Property | The property is located within the district. |
| ☐ 17 | Transferred Action | The lower court is located within the district. |
| ☐ 18 | Unlawful Detainer | The property is located within the district. |
| ☐ 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ 20 | Other Employment | The cause of action arose within the district |
| ☐ 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Defendant BNSF Railway Company                                    740 Carnegie Drive
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                          ADDRESS

San Bernardino                          CA                                    94210
(CITY)                                  (STATE)                              (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

May 19, 2011              at    Woodland Hills                          , California

                                                    Signature of Attorney/Party

13-16503-350 Rev. 18/94                                                          SB-16503

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO CIVIL DIVISION
303 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210

CASE NO: CIVDS1106475

http://www.sbcounty.gov/courts

---

IN RE: SCHMIDT -V- BNSF RAILWAY COMPANY

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO DONNA GUNNELL GARZA IN DEPARTMENT S38 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
08/19/11 at  8:30 in Department S38. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 11/18/11 at  8:30
in Department S38.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
                                 Tressa S. Kentner, Clerk of the Court
Date: 05/20/11                                   By: SHANNON PRATT
---------------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 05/20/11
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 05/20/11 at San Bernardino, CA  By: SHANNON PRATT



Presented by the
Judicial Council of California
And the
State Bar of California

- **ADR can be more satisfying:** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

-3-

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

-5-

Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

**Jurors:** Please contact the Jury Services Office at (909) 387-6244.

**Others:** Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

**Court employees:** To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's Intranet

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet 📄
Non Filable Form and Rule of Court 1

Request for Accommodation Form 📄
Fillable Version (MC-410)

**Q&A on Rule of Court 1.100**
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm

# EXHIBIT B

1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Corporation
2  Ronald W. Novotny          State Bar No. 100041
   Yona Conzevoy              State Bar No. 233055
3  12800 Center Court Drive, Suite 300
   Cerritos, California 90703-9364
4  Telephone: (562) 653-3200 • (714) 826-5480
   Facsimile: (562) 653-3333
5
   Attorneys for Defendant BNSF Railway Co.
6

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 2 8 2011

By _____
                   Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN BERNARDINO

10

11  AIMEE SCHMIDT,                      CASE NO.   CIVDS 1106475

12              Plaintiff,              ANSWER TO COMPLAINT

13  v.

14  BNSF RAILWAY COMPANY, and DOES 1
    through 100, inclusive,
15
                Defendants.
16

17

18      NOW COMES Defendant BNSF Railway Co., and for its Answer to Plaintiff's unverified

19  Complaint on file herein alleges as follows:

20      Pursuant to § 431.30(d) of the California Code of Civil Procedure, Defendant generally

21  denies each and every allegation contained in Plaintiff's Complaint, and denies that Plaintiff

22  sustained damages by reason of any act, breach or omission of Defendant.

23      Furthermore, as and for its affirmative defenses to the Complaint and to each of the

24  causes of actions alleged therein, Defendant alleges as follows:

25                  FIRST AFFIRMATIVE DEFENSE

26      The Complaint, and each of the purported causes of action contained therein, fails to state

27  facts sufficient to constitute a cause of action against Defendant.

28

1

### SECOND AFFIRMATIVE DEFENSE

2    The Complaint is barred by the applicable statutes of limitation, including but not limited

3    to Cal. Govt. Code §§ 12960 and 12965(b) and 29 U.S.C. § 255(a).

4

### THIRD AFFIRMATIVE DEFENSE

5    Plaintiff has failed to exhaust her administrative remedies against Defendant under the

6    state Fair Employment and Housing Act Govt. Code § 12960, *et seq.*

7

### FOURTH AFFIRMATIVE DEFENSE

8    The Complaint and all causes of action alleged therein against Defendant are barred by

9    Plaintiff's own conduct, actions, and inactions, which constitute a waiver of any right or claim

10   Plaintiff may or might have had in reference to the matters and things alleged in the Complaint.

11

### FIFTH AFFIRMATIVE DEFENSE

12   The Complaint and all causes of action alleged therein against Defendant are barred by

13   the conduct, actions, and inactions of Plaintiff, which constitute an estoppel against any relief

14   sought herein.

15

### SIXTH AFFIRMATIVE DEFENSE

16   Plaintiff has failed to take reasonable and necessary steps to mitigate her damages, if any

17   she has.

18

### SEVENTH AFFIRMATIVE DEFENSE

19   The actions of Defendant were at all times legally privileged in all respects, and were

20   taken for sound, proper, fair and honest business reasons and purposes, with a good faith belief in

21   the existence of those rights.

22

### EIGHTH AFFIRMATIVE DEFENSE

23   Plaintiff's claims for physical, mental, and emotional injuries are preempted in their

24   entirety by the exclusive remedial provisions of the California Workers' Compensation Act,

25   Labor Code § 3200, *et seq.* and the Federal Employers Liability Act, 45 U.S.C. § 51, *et seq.*  Said

26   claims assert compensable injuries which occurred at a time when both Plaintiff and Defendant

27   were subject to the compensation provisions of the Acts, at a time when Plaintiff was performing

28   services growing out of and incidental to her employment, and which were proximately caused

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

012566.00012/1856151v

-2-

ANSWER TO COMPLAINT

1    by the employment.

2    <center>**NINTH AFFIRMATIVE DEFENSE**</center>

3        Any pay discrepancies which existed between Plaintiff and male employees of Defendant

4    were based on a merit system, on a seniority system, on quantity or quality of production, or on

5    factors other than sex.

6        WHEREFORE, Defendant prays for judgment as follows:

7      1.     That Plaintiff takes nothing by her Complaint;

8      2.     For its costs of suit and attorneys' fees incurred herein; and

9      3.     For such other and further relief as the Court may deem just and proper.

10

11    DATED: June 2, 2011

12                        ATKINSON, ANDELSON, LOYA, RUUD & ROMO

13

14          By: _____

15                 Ronald W. Novotny
                    Attorneys for Defendant BNSF Railway Co.

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

1

## PROOF OF SERVICE

2

(Code Civ. Proc. § 1013a(3))

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4       I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 12800 Center Court Drive,

5      Suite 300, Cerritos, CA 90703-9364.

6       On June 28, 2011, I served the following document(s) described as **ANSWER TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in

7      sealed envelopes addressed as follows:

8      Thomas Hoegh, Esq.           Attorneys for Plaintiff Aimee Schmidt
Law Offices of Thomas Hoegh

9      21900 Burbank Blvd., Third Floor
Woodland Hills, CA 91637

10     Telephone: (818) 992-2920
Facsimile: (818) 992-2910

11

12  ☒  **BY MAIL:** I deposited such envelope in the mail at Cerritos, California. The envelope(s) was mailed with postage thereon fully prepaid. I am readily familiar with the firm's

13      practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that

14      on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

15

16  ☐  **BY OVERNIGHT COURIER:** I sent such document(s) on ****, by **** with postage thereon fully prepaid at Cerritos, California.

17  ☐  **BY FAX:** I sent such document by use of facsimile machine telephone number (562) 653-3333. Facsimile cover sheet and confirmation is attached hereto indicating the recipients'

18      facsimile number and time of transmission pursuant to California Rules of Court Rule 2.306. The facsimile machine I used complied with California Rules of Court Rule

19      2.301(3) and no error was reported by the machine.

20  ☐  **BY PERSONAL SERVICE:** I placed the above document in a sealed envelope. I caused said envelope to be handed to our messenger service to be delivered by hand to the

21      above address(es).

22  ☐  **BY EMAIL:** I sent such document by use of email to the email address(es) above. (CCP § 1013(a)) Such document was scanned and emailed to such recipient and email

23      confirmation is attached hereto indicating the recipients' email address and time of receipt pursuant to CCP § 1013(a).

24

25       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26      Executed on June 28, 2011, at Cerritos, California.

27

28                         Cathleen Siler

*ATKINSON, ANDELSON, LOYA, RUUD & ROMO*
*A PROFESSIONAL CORPORATION*
*ATTORNEYS AT LAW*
*12800 CENTER COURT DRIVE, SUITE 300*
*CERRITOS, CALIFORNIA 90703-9364*
*TELEPHONE: (562) 653-3200 • (714) 826-5480*
*FACSIMILE: (562) 653-3333*